UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Levern Starr, | ) C/A No. 4:13-1033-RBH-KDW |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | )     (partial summary dismissal) |
| Wallace H. Jordan, Jr., and | ) |
| Solicitor Patricia Singleton Parr, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This is a civil action filed pro se by a local detention center inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

Levern Starr ("Plaintiff") is currently incarcerated at the Florence County Detention Center. He alleges that he has been there for over nine months, but that he has never gone before a judge and his court-appointed attorney has never visited him or spoken to him. He alleges that nobody at the jail will give him any information about the status of the charges against him, and that no one from the Solicitor's office or from his defense counsel's office will respond to letters that he writes. Plaintiff states that Defendant Parr is the Solicitor assigned to his case and that Defendant Jordan is his court-appointed counsel. According to the online records of the Florence County General Sessions Court, Plaintiff was arrested on a charge of failure to register as a sex offender either on

July 25, 2012 or October 17, 2012,[1] and indicted on the charge on October 17, 2012. *State of South Carolina v. Starr*, Case No. 2012A211020065, Indictment No. 2013-GS-2100330.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to partial

---

[1]Both dates are listed in the case records. July 25, 2012 is shown as the "filing" date, and October 17, 2012 is listed as the "arrest date." *See* Florence Cnty. 12th Judicial Circuit Public I  n  d  e  x  , http://publicindex.sccourts.org/Florence/PublicIndex/CaseDetails.aspx?County=21&CourtAgency=21001&Casenum=2012A2110200465&CaseType=C (last consulted May 28, 2013 (2:15pm)).

summary dismissal as to one Defendant under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

The Complaint in this case should be partially summarily dismissed as to Defendant Jordan because there is nothing in the Complaint to support this court's exercise of subject-matter jurisdiction over Plaintiff's claims against Jordan. Although Plaintiff does not specify any particular federal law or statute under which he seeks to sue Jordan, it is obvious that this court cannot exercise its federal-question jurisdiction to consider Plaintiff's allegations against his court-appointed criminal defense counsel pursuant to 42 U.S.C. § 1983, the statute most likely to cover matters such as those alleged in this Complaint.[2] To state a claim for damages or other relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). Defendant Jordan, a court-appointed criminal defense attorney, does not act under color of state law in connection with his legal representation of Plaintiff. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir.

---

[2]Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added).

1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-24 (1981) (public defender); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) ("Careful adherence to the 'state action' requirement . . . also avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.").[3] As a result, Plaintiff's Complaint fails to state a plausible § 1983 claim against Defendant Jordan. Other than this possible, but non-viable claim under § 1983, no other potential basis for the exercise of federal question jurisdiction is evident from the face of the pleadings.

In fact, Plaintiff's claim against Jordan is not a federal constitutional violations claim. Instead, it is more like a state-law-based claim for legal malpractice. However, in the absence of diversity of citizenship between the parties, such a traditionally state-law based claim may not be considered by this court. *See Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D.S.C. 1992); *see also DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200-03 (1989) (42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law). *Cf. Mitchell v. Holler*, 429 S.E.2d 793 (S.C. 1993) (legal malpractice case heard in state court); *Yarborough v. Rogers*, 411 S.E.2d 424 (S.C. 1991) (same). It is clear from the face of the pleadings that there is no basis on which Plaintiff could assert that there is federal diversity jurisdiction over

---

[3]Assistant Solicitor Parr is being served with Plaintiff's Complaint. Prosecutors such as Parr are entitled to absolute immunity for actions "intimately associated with the judicial phase of the criminal process;" however, prosecutors are entitled to qualified immunity for actions taken as administrators. *See Imbler v. Patchman*, 424 U.S. 409, 427-31 (1976) (holding "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983[,]" but noting prosecutors are not necessarily immune from such suit for actions taken "in the role of an administrator or investigative officer"); *see also Forsyth v. Kleindienst,* 599 F.2d 1203, 1213-17 (3d Cir. 1979) (noting the "advocacy/investigative distinction" and finding that when a prosecutor's actions "depart from those which cast him in his quasi-judicial role," he will not be protected by absolute immunity).

his Complaint because Plaintiff and both Defendants are residents of the state of South Carolina. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978) (diversity of citizenship requires that no party on one side of a case may be a citizen of the same state as any party on the other side). As result, there is no basis on which this court could exercise its diversity jurisdiction in this case. In absence of either federal question or diversity of citizenship jurisdiction over Plaintiff's allegations against his defense attorney, this case is subject to partial summary dismissal as to Defendant Jordan.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court partially dismiss the Complaint in this case *without prejudice* as to Defendant Jordan. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). The Complaint should be served on the remaining Defendant.

IT IS SO RECOMMENDED.

May 28, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).