IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Levern Starr, ) | Civil Action No.: 4:13-cv-01033-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Wallace H. Jordan, Jr., and Solicitor ) | |
| Singleton Parr, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Levern Starr, a state prisoner proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983, alleging that the above-referenced Defendants violated his constitutional rights as a result of never visiting him in jail and not responding to his letters regarding the status of the criminal charges against him.[1] The matter is now before the Court for review of the Report and Recommendation ("R&R") of United States Magistrate Judge Kaymani D. West.[2] The Magistrate Judge recommends that this Court dismiss Plaintiff's claims against Defendant Wallace H. Jordan, Jr., *without prejudice* for lack of subject matter jurisdiction.

### STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made, and the Court may

---

[1] The allegations of Plaintiff's complaint are adequately represented in the Magistrate Judge's R&R. R&R 1-2, ECF No. 17.

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling.

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The right to de novo review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.* Moreover, in the absence of objections to the R&R, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). However, in the absence of objections, the Court must " 'satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## Discussion

On May 28, 2013, the Magistrate Judge issued her R&R, recommending the dismissal of Plaintiff's claims against Defendant Jordan. R&R 5, ECF No. 17. Plaintiff, however, did not file timely and specific objections to the Magistrate Judge's R&R. Pl.'s Objs. ECF No. 29. Although due on June 17, 2013, Plaintiff's objections were postmarked on June 18, 2013, the only evidence indicating when his objections were sent. The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir.1982) (citing *Webb v. Califano,* 468 F.Supp. 825, 831 (C.D.Cal.1979) ("[T]he failure ... to file timely objections to the proposed findings and recommendations has the result that this court is not under a mandatory obligation to review those proposals de novo."). Indeed, the Court is obligated to review only for clear error in the absence of a timely filed objection. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district

2

court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation' ") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Further, Plaintiff's June 18, 2013 filing appears (1) to ask the Court to refrain from dismissing the case, (2) to seek monetary damages, and (3) to request the appointment of counsel. The letter does not state that it is intended as objections to the Magistrate Judge's R&R. In the event Plaintiff's filing could be construed as objections, it does not meet the specificity requirement outlined in Rule 72(b) of the Federal Rules of Civil Procedure.[3] Particularly, Plaintiff has not pointed to a portion of the Magistrate Judge's R&R to which he objects. Without specific objection to the Magistrate Judge's reasoning, the Court need not conduct a *de novo* review of the conclusions reached by the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C) (providing that, if a party objects, the district court "shall make a de novo determination of those portions of the report or *specified* proposed findings or recommendations to which objection is made" (emphasis added)); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (holding that the failure to file specific objections to particular conclusions in Magistrate Judge's R&R, after a warning of the consequences of failure to object, waives further *de novo* review). Therefore, the Court must only conduct a review of the

---

[3] Rule 72(b) states:

> Within ten days after being served with a copy of the recommended disposition, a party may serve and file *specific,* written objections to the proposed findings and recommendations.... The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which *specific* written objection has been made in accordance with this rule.

(emphasis added).

3

R&R for clear error. And, after reviewing the record, the Court finds no clear error in the Magistrate Judge's R&R.[4]

## CONCLUSION

The Court has thoroughly reviewed Plaintiff's complaint, the Magistrate Judge's R&R, objections to the R&R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R&R.

**IT IS THEREFORE ORDERED** all claims against Defendant Jordan are **DISMISSED** *without prejudice* for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
June 25, 2013

---

[4] The Court has, out of abundance of caution, also reviewed Plaintiff's untimely and nonspecific objections and finds they are without merit. Defendant Jordan, Plaintiff's attorney, was not a person acting under color of state law for the purposes of § 1983. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976). Nor is there diversity among the parties.